UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JASON KILBORN,

　　　　　*Plaintiff-Appellant,*

and

OLGA LUKASHEVSKY,

　　　　　*Plaintiff,*

v.

IGOR BAKHIR,

　　　　　*Defendant-Appellee.*

No. 03-1397

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonard D. Wexler, Senior District Judge, sitting by designation.
(CA-01-1123-A)

Submitted: July 3, 2003

Decided: July 22, 2003

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Jason Kilborn, Appellant Pro Se. David Edward Sher, SHER & CUMMINGS, Arlington, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jason Kilborn appeals the district court's order adopting the report and recommendation of the magistrate judge in part and sanctioning him the sum of $18,641.51. The sanction was intended to reimburse Igor Bakhir for attorney's fees and costs incurred by Bakhir in connection with a suit Kilborn and Olga Lukashevsky filed against him alleging illegal interception of electronic communications under 18 U.S.C. § 2707 (2000) and Virginia law. The sanction order was premised upon the district court's inherent authority.

A court possesses the inherent power to sanction a party with an assessment of attorney's fees in three situations: (1) when a party's litigation efforts directly benefit others; (2) when there has been willful disobedience of a court order; and (3) when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991). With respect to the third category, "if a court finds 'that fraud has been practiced upon it, or that a very temple of justice has been defiled,' it may assess attorney's fees against the responsible party." *Id.* at 46 (quoting *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)). The court may also assess attorney's fees "when a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Id.* (quoting *Hutto v. Finney*, 437 U.S. 678, 689 (1978)). "A court must . . . exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Id.* at 50. We review the district court's imposition of sanctions under its inherent powers for abuse of discretion. *Id.* at 55.

In a report and recommendation, the magistrate judge determined Kilborn: (1) failed to file timely Rule 26(a) disclosures at the final pretrial conference on January 17, 2002, as required by the September

4, 2001 scheduling order; (2) failed to appear for a hearing on Bakhir's motion for judgment on the pleadings that was noticed for March 1, 2002; (3) failed to serve Bakhir with his response to the motion for judgment on the pleadings and motion for Rule 11 sanctions and cross-motion for voluntary dismissal filed on February 22, 2002; and (4) failed to be present at the hearing on the motion for sanctions pursuant to the court's inherent powers held on May 3, 2002. The magistrate judge recommended sanctioning Kilborn $33,481.13 for the attorney's fees and costs incurred by Bakhir. The district court accepted the report and recommendation, except that it reduced the amount of sanctions to $18,641.51.

The district court made no specific findings that Kilborn willfully disobeyed a court order or that he filed suit or proceeded with the litigation in bad faith, vexatiously, wantonly, or for oppressive reasons. In the absence of such findings, we find it impossible to meaningfully review the apparent conclusion that Kilborn's actions rose to the level warranting sanctions under the court's inherent powers.* Accord-

---

*Without indicating a view on the merits, we observe that Kilborn strenuously disputes that the conduct cited by the magistrate judge was sufficiently egregious to warrant invocation of the district court's inherent sanction authority. In summary, Kilborn asserts with respect to the four findings contained in the magistrate judge's report and recommendation that: (1) Chief District Judge Hilton specifically excused his appearance at the pretrial conference held on January 17, 2002, and suggested he simply fax the necessary information to the court regarding his availability for trial, and that he filed the initial Rule 26(a) disclosures and did not realize he was required to file additional disclosures at the pretrial hearing; (2) his failure to appear at the hearing on the motion for judgment on the pleadings was excusable because he assumed that his motion to voluntarily dismiss the case would be approved; (3) as evidenced by his certificate of service, he did not fail to serve Bakhir with his response to the motion for judgment on the pleadings and his cross-motion for voluntary dismissal; and (4) his failure to appear at the May 3, 2002 hearing was not sanctionable because he did not receive notice of the hearing until Monday, April 29, 2002, he was unable to make arrangements to appear on such short notice because he lived approximately 1100 miles away and had conflicting work obligations, he filed a timely response to the motion that was the subject of the hearing, and he seasonably sought permission to appear at the hearing by telephone.

ingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*